GREEN, J.
delivered the opinion of the court.
This bill is brought to enjoin a judgment, on the ground that the contract upon which it was founded was usurious. The bill alledges that in 1835, the complainant, together with Daniel J. Sample and Smith H. Sample, executed to the defendant a note for $1000 or $1200, in consideration of a loan of $1000 made by Nolin to D. J. Sample; and that he thinks said note was *65 tinctured with usury. He further states, that in April 1836, Daniel J. and Smith H. Sample executed to complainant one note for $1400, and one other note for $131; which two notes he endorsed to said Nolin, and which were taken in discharge of the first mentioned note; and by which operation a large amount was usuriously added to the original consideration, and included in said two last notes. He states, that in February 1837-, the sum of $850 was paid on the $1400 note, and that suits were instituted on said two notes, andjudgments obtained for the balance due upon them in March 1838. He further states, that after the said judgments were obtained, the parties agreed that they should be satisfied by the execution of another note for $940, which sum would be equal to the amount of the judgments and about fifteen per cent per annum, for the time the note had to run. He states, that suit has been instituted and judgment obtained against him on the last mentioned note, and that a large amount thereof is usurious. The bill prays an injunction, and relief against the usuiy.
To this bill there is a demurrer. The only question is, whether the court of chancery has jurisdiction to afford relief in this case, after a trial at law, where the complainant neglected to to make his defence.
It is conceded by the counsel for the complainant, that the well settled general rule of this court, would exclude the jurisdiction here invoked, in ordinary cases, involving no embarrassing and complicated enquiry. But it is insisted, that the present case does involve such complication as would embarrass a jury, and probably prevent him from obtaining before that forum adequate relief. We do not say that there may not arise cases, where the principle here contended for should be applied, especially where usury would be the subject of enquiry.
An oppressed debtor in the hands of an artful and heartless usurer, might be induced so to change securities, adding in usurious interest, and for a long course of time repeating this process, so as to make it difficult for a jury, in the mode of trial before them, to detect the contrivance, and separate the usury from the sum really due. In such case, this court might entertain jurisdiction and afford relief, although there had' been a trial at law. *66 But this is not such a case. When the suits were brought, there was no embarrassment. If there was usury in the $1400 and $131 notes, it could have been shown without difficulty, there being no allegation that the first note was usurious. The complainant cannot neglect to make his defence in these first suits, and then say that by reason of his said neglect, his defence to the suit on the $940 note was embarrassed. This is not like the case of Coleman vs. Childress, 6 Yerg. Rep. 398. In that case one note was given for the sum really due, and the other for the usury. The judgment was obtained for the money really due only; the suit on the usurious note having been dismissed, when the plea of usury was filed. Afterwards one of the obligors, voluntarily paid the usurious note, and the bill was brought to apply the money so paid, in part extinguishment of the judgment which had been obtained on the other note.
This case is very different, and were this court to entertain jurisdiction of it, a court of chancery would be converted into a forum for affording new trials of suits determined at law. Let the decree be affirmed.